VOGEL *v.* McCOSH, ET AL.

[No. 225, September Term, 1965.]

*Decided April 28, 1966.*

The cause was argued before HAMMOND, HORNEY, MAR-BURY, BARNES and McWILLIAMS, JJ.

*Ernest C. Trimble* for appellant.

*James H. Cook* and *Harris James George,* with whom was, *John B. Howard* on the brief, for appellees.

BARNES, J., delivered the opinion of the Court.

The appellees, James N. McCosh, Mary Ann McCosh, his, wife, and Betsy W. LeBrun, as owners of a 9.64 acre tract of

land in the Ninth Election District of Baltimore County filed an application on June 10, 1963 to rezone that tract from its existing zoning of R-10 (Residence-One family) to R-A (Residence-Apartments) and for a special exception to use the property for elevator apartments.

The 9.64 acre tract (the subject property) is bounded on the north by Judges Lane, on the east by Bellona Lane, on the south by a tract of land, improved by a dwelling, and presently zoned R-10 the south boundary of which is Bellona Avenue [1] and on the west by 40 acres of undeveloped land presently zoned R-10. On the east side of Bellona Lane, across from the subject property, Ruxton Towers, a large high rise apartment on land zoned R-A has been recently constructed. To the east of Ruxton Towers is Charles Street, a dual lane highway which gives access to Baltimore City. East of Charles Street there are three separate tracts of land, all of which have been recently rezoned for apartment use. To the north of Judges Lane is a tract of land zoned R-10, the owners of which did not object to the application involved in the case at bar, and still farther north is the Baltimore County Beltway.

The Zoning Commissioner concluded that there had been sufficient changes in the area to justify the requested reclassification, that Bellona Avenue would apparently become the equivalent to a service road to serve apartments on either side of Bellona Avenue, and was not a boundary between zones and that the application should be granted. He granted the reclassification and the special exception on November 1, 1963.

An appeal was taken to the County Board of Appeals of Baltimore County (the Board) and the Board heard the appeal on July 2, 1964. At this hearing the developer testified that it was proposed to erect a 20 story high rise apartment building which would cover approximately 4% (actually 3.85%) of the subject property; that there would be 250 apartment units—a density of 26 units per acre—and that there would be 320 parking spaces of which 50 would be under cover and 270 exposed;

---

1. The tract lying to the south of the subject property has a frontage on Bellona Avenue of approximately 460 feet and a depth of approximately 250 feet from Bellona Avenue to the southern boundary line (irregular) of the subject property.

that there would be attractive landscaping which would include the preservation of the existing large trees; and, that there would be a swimming pool constructed to the north of the proposed apartment building. There was also testimony before the Board of various changes in the neighborhood which changed its character since the adoption of the comprehensive zoning map in 1955.

The principal thrust of the argument of the protestants against the granting of the application was because it would allegedly create a traffic hazard. The protestants produced a well-qualified expert Jerome B. Wolff who testified that in his opinion a traffic hazard would result from the proposed construction. The applicants produced a well-qualified expert Joseph D. Thompson who testified that in his opinion no such traffic hazard would be created. Although Mr. Wolff's testimony was somewhat more detailed and explicit than was Mr. Thompson's testimony, the Board accepted Mr. Thompson's opinion and concluded that no traffic hazard would result. The Board rendered a comprehensive opinion on September 10, 1964 setting out various changes in the neighborhood since 1955, the desirability of the tract for a high rise apartment, granted the reclassification and the special exception but limited the latter to an apartment building of 18 stories (vs. 20 stories in the application) with a population density of 25 families an acre (vs. 26 families an acre in the application). The same number of parking spaces, 320, was continued.

An appeal was taken on October 9, 1964 to the Circuit Court for Baltimore County from the Board's order of September 10 by Robert A. Scheidt, Arthur Ringman, Robert Vogel, Errol Hay and William Gumm. The applicants filed a motion to dismiss this appeal on October 30 on the ground that the persons appealing were not persons aggrieved as required by the zoning regulations. Judge Jenifer filed a memorandum opinion and an order on February 9, 1965 in which he granted the motion to dismiss as to all of the persons mentioned except Robert Vogel and denied the motion as to Mr. Vogel, who is the appellant in this Court.

The appeal to the Circuit Court was heard before Judge Raine who, on March 19, 1965 rendered an oral opinion, later

supplemented by a written opinion filed March 31, 1965. Judge Raine concluded that the testimony before the Board supported a finding that there had been sufficient changes in the area to justify the reclassification and that, inasmuch as the testimony indicated that the granting of the application was fairly debatable, he would not substitute his judgment for that of the Board and would affirm the order of the Board even though he would have accepted Mr. Wolff's opinion in regard to the traffic hazard rather than Mr. Thompson's opinion.

We agree with Judge Raine. The testimony clearly supported a sufficient change in conditions since 1955, the date of the adoption of the comprehensive zoning map, to justify the proposed reclassification. The issues in regard to the reclassification and the special exception were fairly debatable and, as Judge Raine pointed out, the courts will not zone or rezone but will leave that function to the Board to which it has been committed by appropriate legislation, and whose decision is that of experts in this field. *Finney v. Halle,* 241 Md. 224, 241, 216 A. 2d 530, 539 (1966).

As we have disposed of the case on its merits, we do not reach the interesting, but involved, issues presented by the motion to dismiss this appeal filed by the appellees.

It appears to the Court that there has been some unnecessary duplication in the printing of the appellees' record extract so that we will divide the costs equally between the appellant and the appellees.

> *Order affirmed, the appellant to pay one-half of the costs and the appellees to pay the remaining one-half of the costs.*